A. D. GRANGER COMPANY, Respondent, *v.* THE UNIVERSAL MACHINERY CORPORATION, LIMITED, Appellant. (Appeal No. 2.)

Second Department, June 22, 1917.

**Depositions — commission to take deposition of witness in foreign country — conditions.**

Where defendant's general manager in London, England, was ill and at all times threatened by the present dangers of ocean travel, and the defendant's counsel in good faith awaited his arrival, and the plaintiff is fully secured, the granting of defendant's motion for a commission to take the deposition of its general manager should not be conditioned upon its foregoing an application for a postponement, if the commission be not returned in time for the trial.

APPEAL by the defendant, The Universal Machinery Corporation, Limited, from part of the order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 22d day of May, 1917, resettling an order made on the 3d day of May, 1917, granting defendant's motion for a commission

to take the deposition of Oscar Charles Selbach at London, England, as a witness on behalf of defendant, upon the following condition: "And no application for a postponement of the said trial shall be asked by defendant if the commission be not returned in time for such trial in June, 1917."

*Clinton T. Roe,* for the appellant.

*Robert H. Wilson,* for the respondent.

PER CURIAM:

The defendant's counsel in good faith awaited the presence of the defendant's general manager from London, who at a time was ill and at all times threatened by the dangers of ocean travel, while some correspondence with him was lost, perhaps by depredations upon transatlantic shipping. Hence, it cannot be said that there was laches. The acceleration of the cases on the calendar also has to do with the matter. The plaintiff appears to be fully secured. In such view, it seems better not to place the defendant's counsel in the position of foregoing a motion for a continuance as the condition of taking his client's evidence by commission, but to leave the decision of that to the trial court, who will hear specifically what defendant would prove by the witness in London and measure the necessity of that evidence by the plaintiff's offer to stipulate concerning it. There should be due regard for the conditions that beset the defendant.

The order should be modified by striking out the condition, and as so modified affirmed, without costs.

JENKS, P. J., THOMAS, STAPLETON, MILLS and RICH, JJ., concurred.

Order modified by striking out the condition, and as so modified affirmed, without costs.